IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:10-CV-60

| EDWARD H. BYERS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| JANET NAPOLITANO, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the following reasons, Defendant's Motion is **GRANTED** and Plaintiff's Complaint is **DISMISSED**.

I. BACKGROUND

This is the second of Plaintiff's ADEA Complaints before the Court. Plaintiff's first suit, *Byers v. Napolitano*, No. 3:09-CV-25, stems from an EEO complaint filed by Plaintiff on January 29, 2007. (Doc. 6-1.) In that complaint, Plaintiff alleges that he was discriminated against on the basis of age by not being selected as an Assistant to the Special Agent in Charge ("ATSAC") on September 30, 2006. Plaintiff did not allege that retaliation was the basis for his complaint, nor has he amended his EEO complaint to allege that retaliation was the basis for his complaint. *Id.* Nevertheless, Plaintiff claims—in the instant Complaint—that he was retaliated against in 2009. At no time has Plaintiff notified the EEOC of his intent to sue for retaliation. He

1

did, however, notify the TSA of his intent to sue in a letter dated November 10, 2009. (Doc. 6-3, 2.)

## II. LEGAL STANDARD

A federal employee may proceed with a claim for discrimination or retaliation under the Age Discrimination in Employment Act ("ADEA") in one of two ways. First, he may file a complaint with the EEOC and commence suit following its determination. Second, he may file suit in federal court after giving the EEOC thirty days notice of intent to sue. 29 U.S.C. §§ 633a(c), (d) (2006); 29 C.F.R. § 1614.201(a) (2009) ("[A]n aggrieved individual may file a civil action in a United States district court under the ADEA against the head of an alleged discriminating agency after giving the Commission not less than 30 days' notice of the intent to file such an action."); *see Rann v. Chao*, 346 F.3d 192, 198 (D.C. Cir. 2003) (notice set forth in § 633a(d) must go to the EEOC and that sending notice to the employing agency is not sufficient to meet notice requirement). These requirements are jurisdictional in nature; failure to comply with them results in dismissal. *Hinton v. Soloman*, 475 F. Supp. 105, 108 (D.D.C. 1979); *see Miller v. United States*, Nos. 85-2132, 85-2158, 1986 WL 16231, at *2 (4th Cir. Sept. 11, 1986).

## III. DISCUSSION

Plaintiff has neither exhausted his remedies with the EEOC nor has he provided the EEOC with thirty days notice of his intent to sue. Because his failure to exhaust or provide notice is jurisdictional in nature, this action will be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). *Hinton*, 475 F. Supp. at 108.

### A. Failure to Exhaust Administrative Remedies

Plaintiff alleges that he was retaliated against in 2009. He did not, however, file any new EEO complaints regarding retaliation; nor did he make any effort to amend his prior EEO

complaint to include the retaliation claims alleged in this case or the prior case. Plaintiff failed to do so despite being informed in writing by the TSA's Office of Civil Rights and Liberties (OCRL) of the exhaustion requirement. (Doc. 7-4, 3.) Although Plaintiff claims to have informed investigator Angela S. Jones of his intentions to pursue a civil action against the TSA for retaliation (Doc. 7, 4), he never lodged a formal complaint with the relevant administrative agencies. Accordingly, Plaintiff has failed to exhaust available administrative remedies.

### B. Failure to Provide Thirty Days Notice to the EEOC of Intent to Sue

Plaintiff has also failed to provide thirty days notice to the EEOC of his intent to sue. The regulations promulgated by the EEOC under the ADEA require that notice be delivered to the EEOC by mail, in person, or by facsimile, within 180 days of the occurrence of the alleged unlawful practice and at least 30 days before any lawsuit is filed. *See* 29 C.F.R. § 1614.201(a). Plaintiff claims that his 2009 letter to the TSA satisfies the notice requirement. (Doc. 6-3, 2.) That notice, however, is ineffective because *the regulations require that he notify the EEOC*, not the TSA, of his intent to sue. *See Rann*, 346 F.3d at 198. Therefore, Plaintiff has failed to provide the EEOC with thirty days notice of his intent to sue.

### IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss for lack of Subject-Matter Jurisdiction is **GRANTED** and Plaintiff's Complaint is **DISMISSED**.

Signed: August 25, 2010

Graham C. Mullen
United States District Judge